FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   FEB 2 4 2006   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Claim Action No.:

**CIVIL COMPLAINT**

-------------------------------------------------------------------X

DESHON WESTON,
SHAKIRA M. WESTON,
SHANELLE WESTON,
infants under the age of 18, by their
guardian, EVELYN C. WASHINGTON-WESTON and
EVELYN C. WASHINGTON-WESTON, individually,

Plaintiffs,

AMON, M.

MANN, M.

-against-

UNITED STATES OF AMERICA
UNITED STATES POSTAL SERVICE
CLEMENT S. LESPINASSE
CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
WELSBACH ELECTRIC CORP.,

Defendants,

-------------------------------------------------------------------X

Plaintiffs, by their attorneys, **DAVOLI & VESNAVER, LLP**, complaining of the

Defendants, respectfully alleges, upon information and belief:

1.      At all times herein mentioned, the infant plaintiff, Deshon Weston, was, and still is, a

resident of the County of Queens, State of New York.

2.      At all times herein mentioned, the infant plaintiff, Shakira M. Weston, was, and still

is, a resident of the County of Queens, State of New York.

3.      At all times herein mentioned, the infant plaintiff, Shanelle Weston, was, and still is, a

resident of the County of Queens, State of New York.

4.      At all times herein mentioned, the plaintiff, Evelyn C. Washington- Weston, was, and

still is, a resident of the County of Queens, State of New York.

5.      At all times herein mentioned, the defendant, United States Postal Service, herein after referred to as the USPS, was and still is an agency of the United States Government.

6.      At all times herein mentioned the defendant, Clement S. Lespinasse, was an employee of the defendant, USPS.

7.      That this Court has jurisdiction over the parties and the subject matter of this case pursuant to 28 U.S.C. § 1331 as it relates to the Federal Tort Claims Act, and pursuant to 28 U.S.C. § 2680, and 28 U.S.C. § 1367 as it relates to the remaining defendants.

8.      That the amount(s) in controversy exceeds $75,000.00, exclusive of interests and costs.

9.      At all times herein mentioned, the defendant, City of New York, was and still is a municipal corporation.

10.      At all times herein mentioned, the defendant, New York City Police Department, was and still is a municipal authority.

11.      At all times herein mentioned, the defendant, Welsbach Electric Corp., was and still is a domestic corporation existing under the laws of the State of New York.

12.      At all times herein mentioned, the defendant, Welsbach Electric Corp., was and still is a foreign corporation existing under the laws of the State of New York.

13.      That on March 4, 2005, and within the time prescribed by law, a sworn Notice of Claim stating, among other things, the time when and the place where the injuries and damages were sustained, together with Plaintiff's demands for adjustment thereof was duly served on the Plaintiffs' behalf on the Comptroller of the City of New York and that, thereafter, said Comptroller for the City of New York refused or neglected for more than thirty (30) days, and up to the commencement of

this action, to make any adjustment or payment thereof, and that, thereafter, and within the time provided by law, this action was commenced.

14.     That on May 13, 2005, pursuant to the New York State General Municipal Law Section 50(h), a hearing was held by\for the defendant City of New York.

15.     At all times herein mentioned, and more specifically, February 15, 2005, the defendant City of New York was the owner of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

16.     At all times herein mentioned, and more specifically, February 15, 2005,the defendant City of New York, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest operated the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

17.     At all times herein mentioned, and more specifically, February 15, 2005, the defendant City of New York, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest managed the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

18.     At all times herein mentioned, and specifically, February 15, 2005, the defendant City of New York, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest maintained the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

19.     At all times herein mentioned, and specifically February 15, 2005, the defendant City of New York, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest controlled the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

20.     At all times herein mentioned, and specifically February 15, 2005, the defendant City of New York, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest supervised the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

21.     At all times herein mentioned, and specifically February 15, 2005, it was the non delegable duty of the defendant City of New York, by and through its agents, employees and those acting under its behest to provide the necessary\required\adequate traffic control of the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

22.     At all times herein mentioned, and specifically February 15, 2005, it was the non delegable duty of the defendant New York City Police Department, by and through its agents, employees and those acting under its behest to provide the necessary\required\adequate traffic control of the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

23.     At all times herein mentioned, and prior to and including February 15, 2005, the defendant, Welsbach Electric Corp., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, maintained the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

24.    At all times herein mentioned, and prior to and including February 15, 2005, the defendant, Welsbach Electric Corp., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, managed the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

25.    At all times herein mentioned, and prior to and including February 15, 2005, the defendant, Welsbach Electric Corp., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, repaired the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

26.    At all times herein mentioned, and prior to and including February 15, 2005, the defendant, Welsbach Electric Corp., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, supervised the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

27.    At all times herein mentioned, and prior to and including February 15, 2005, the defendant, Welsbach Electric Corp., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, controlled the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

28.    At all times herein mentioned, and prior to and including February 15, 2005, the defendant, Welsbach Electric Corp., by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, operated the traffic light(s)\signal(s) as well as the

cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

29.    At all times herein mentioned and specifically on February 15, 2005, the plaintiff, Evelyn C. Washington- Weston was the owner of a 1993 Nissan motor vehicle bearing New York State registration number BHC6015.

30.    At all times herein mentioned and specifically on February 15, 2005, the plaintiff, Evelyn C. Washington- Weston was the operator of a 1993 Nissan motor vehicle bearing New York State registration number BHC6015.

31.    At all times herein mentioned and specifically on February 15, 2005, the defendant, United States of America, was the owner of a 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

32.    At all times herein mentioned and specifically on February 15, 2005, the defendant, USPS, was the owner of a 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

33.    At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

34.    At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, with the knowledge of the defendant, United States of America.

35.    At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, with the permission of the defendant, United States of America.

37.     At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S6 Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, with the consent of the defendant, United States of America.

37.     At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, while in the scope of his employ with the defendant, United States of America.

38.     At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, with the knowledge of the defendant, USPS.

39.     At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, with the permission of the defendant, USPS.

40.     At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, with the consent of the defendant, USPS.

41.     At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, was the operator of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, while in the scope of his employ with the defendant, USPS.

42.     At all times herein mentioned and specifically on February 15, 2005, the defendant, United States of America, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, managed the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

43.    At all times herein mentioned and specifically on February 15, 2005, the defendant, United States of America, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, maintained the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

44.    At all times herein mentioned and specifically on February 15, 2005, the defendant, United States of America, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, repaired the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

45.    At all times herein mentioned and specifically on February 15, 2005, the defendant, United States of America, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, controlled the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

46.    At all times herein mentioned and specifically on February 15, 2005, the defendant, United States of America, by and through its agents, servants, employees, contractors, subcontractors and those acting under its, supervised the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

47.    At all times herein mentioned and specifically on February 15, 2005, the defendant, USPS, by and through its agents, servants, employees, contractors, subcontractors, and those acting under its behest, managed the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

48.    At all times herein mentioned and specifically on February 15, 2005, the defendant, USPS, by and through its agents, servants, employees, contractors, subcontractors,

and those acting under its behest, maintained the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

49.   At all times herein mentioned and specifically on February 15, 2005, the defendant, USPS, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, repaired the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

50.   At all times herein mentioned and specifically on February 15, 2005, the defendant, USPS, by and through its agents, servants, employees, contractors, subcontractors and those acting under its behest, controlled the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

51.   At all times herein mentioned and specifically on February 15, 2005, the defendant, USPS, by and through its agents, servants, employees, contractors, subcontractors, and those acting under its behest, supervised the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

52.   At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, managed the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

53.   At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, maintained the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

54.   At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, repaired the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

55.    At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, controlled the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

56.    At all times herein mentioned and specifically on February 15, 2005, the defendant, Clement S. Lespinasse, supervised the 1991 Ford motor vehicle bearing New York State registration plate number 1891368.

57.    That pursuant to 28 U.S.C. § 2675(a), a claim was properly presented to the United States Postal Service on May 12, 2005.

58.    That on December 28, 2005, the United States Postal Service denied the claim herein in writing and that this action has been commenced within six (6) months of the final denial pursuant to 28 U.S.C. § 2401(b).

59.    At all times herein mentioned and specifically on February 15, 2005, the infant plaintiff, Deshon Weston, was a passenger in the 1993 Nissan motor vehicle bearing New York State registration number BHC6015.

60.    At all times herein mentioned and specifically on February 15, 2005, the infant plaintiff, Shakira M. Weston, was a passenger in the 1993 Nissan motor vehicle bearing New York State registration number BHC6015.

61.    At all times herein mentioned and specifically on February 15, 2005, the infant plaintiff, Shanelle Weston, was a passenger in the 1993 Nissan motor vehicle bearing New York State registration number BHC6015.

62.    That on February 15, 2005, the defendant, Evelyn C. Washington-Weston, was operating her motor vehicle, the 1993 Nissan motor vehicle bearing New York State registration number BHC6015.

63.    At all times herein mentioned, Astoria Blvd. at its intersection with 102nd Street, East Elmhurst, Queens County, New York, were public roadways and/or thoroughfares.

64.    That on February 15, 2005, the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York, were not in working order and did not properly\adequately control vehicular traffic entering\exiting\using the aforesaid location.

65.    That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the ownership of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

66.    That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the operation of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

67.    That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the management of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

68.    That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the maintenance of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

69.     That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the repair of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

70.     That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the supervision of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

71.     That at all times herein mentioned and prior to February 15, 2005, the defendant City of New York, was negligent in the control of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

72.     That at all times herein mentioned and prior to February 15, 2005, the defendant Welsbach Electric Corp., was negligent in the operation of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

73.     That at all times herein mentioned and prior to February 15, 2005, the defendant Welsbach Electric Corp., was negligent in the management of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

74.     That at all times herein mentioned and prior to February 15, 2005, the defendant Welsbach Electric Corp., was negligent in the maintenance of the traffic light(s)\signal(s) as well as

the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

75. That at all times herein mentioned and prior to February 15, 2005, the defendant Welsbach Electric Corp., was negligent in the repair of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

76. That at all times herein mentioned and prior to February 15, 2005, the defendant Welsbach Electric Corp., was negligent in the supervision of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

77. That at all times herein mentioned and prior to February 15, 2005, the defendant Welsbach Electric Corp., was negligent in the control of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

78. At all times herein mentioned, and specifically February 15, 2005, the defendant City of New York, by and through its agents, employees and those acting under its behest failed to provide the necessary\required\adequate traffic control at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

79. At all times herein mentioned, and specifically February 15, 2005, the defendant New York City Police Department, by and through its agents, employees and those acting under its behest failed to provide the necessary\required\adequate traffic control of the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

80.     That on February 15, 2005, at the aforementioned location, the motor vehicle owned and operated by the plaintiff, Evelyn C. Washington-Weston and in which the infant plaintiff's were passengers, entered\approached the aforementioned intersection and was suddenly and violently struck by the vehicle owned by the United States of America and operated by the defendant, Clement S. Lespinasse.

81.     That on February 15, 2005, at the aforementioned location, the motor vehicle owned and operated by the plaintiff, Evelyn C. Washington-Weston and in which the infant plaintiff's were passengers, entered\approached the aforementioned intersection and was suddenly and violently struck by the vehicle owned by the USPS and operated by the defendant, Clement S. Lespinasse.

82.     That the defendant, City of New York, was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the traffic light(s)\signal(s) as well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York

83.     That the defendant, City of New York, was negligent, in its failure to provide the necessary\required\adequate traffic control at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

84.     That the defendant, New York City Police Department, was negligent, in its failure to provide the necessary\required\adequate traffic control at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

85.     That the defendant, Welsbach Electric Corp., was negligent, in its failure to properly operate, manage, maintain, supervise, use and control of the traffic light(s)\signal(s) as

well as the cable(s), line(s), pole(s) and\or other supporting devices for the aforesaid, located at the intersection of Astoria Blvd. and 102nd Street, East Elmhurst, Queens County, New York.

86.    That the defendant, United States of America was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, and the defendant was otherwise negligent, careless and reckless in the premises.

87.    That the defendant, USPS was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, and the defendant was otherwise negligent, careless and reckless in the premises.

88.    That the defendant, Clement S. Lespinasse, was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the 1991 Ford motor vehicle bearing New York State registration plate number 1891368, and the defendant was otherwise negligent, careless and reckless in the premises.

89.    That solely as a result of defendants negligence, and without any negligence on the part of the plaintiff's contributing thereto, plaintiff's have sustained serious injuries within the coverage of Insurance Law § 5102(d) of the State of New York.

90.    That plaintiff, has incurred economic losses which are not included within the definition of "basic economic loss" as provided for in Insurance Law § 5102(a) of the State of New York.

91.    That the plaintiff's are "covered persons", as defined by the Insurance Law § 5102(j), of the State of New York.

92.     That this action falls within one or more of the exceptions set forth in the New York State Civil Practice Law and Rules, hereinafter referred to as the CPLR, § 1602.

93.     Pursuant to the CPLR § 1602(2)(iv), the defendants are jointly and severally liable for all the plaintiff's damages, including but not limited to the plaintiffs non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that the defendants owed the plaintiff's a non –delegable duty of care.

94.     Pursuant to the CPLR § 1602(7), the defendants are jointly and severally liable for all the plaintiff's damages, including but not limited to the plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that the defendants acted with reckless disregard of the safety of others, specifically the plaintiff's herein.

95.     Pursuant to the CPLR § 1602(6), the defendants are jointly and severally liable for all the plaintiff's damages, including but not limited to the plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that the defendants should be held liable by reason of the defendants use, ownership or operation of a motor vehicle.

96.     Pursuant to the CPLR § 1602(2)(iv), the defendants are jointly and severally liable for all the plaintiff's damages, including but not limited to the plaintiff's non-economic loss, irrespective of the provisions of the CPLR § 1601, by reason of the fact that the defendants are vicariously liable for the negligent acts and omissions of the defendant operator of said vehicle.

97.     That the plaintiffs injuries were sustained solely as a result of the negligence of the defendants inn the ownership, operation, maintenance, and control of the vehicles referred to above.

AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF SHANELLE WESTON

98.     The infant plaintiff, Shanelle Weston, repeats, realleges, reiterates, each and every

allegation contained in paragraphs 1 through 97 as if each were more fully set forth at length

herein.

99.     That as a result of the aforesaid contact, the infant plaintiff, Shanelle Weston was

injured.

100.    That the aforesaid occurrence was caused wholly and solely by reason of the

negligence of the Defendants without any fault or negligence on the part of the infant plaintiff

contributing thereto.

101.    That by reason of the foregoing, the infant plaintiff, Shanelle Weston sustained

severe and permanent personal injuries; and the infant plaintiff Shanelle Weston was otherwise

damaged.

102.    That the infant plaintiff Shanelle Weston is not seeking to recover any damages for

which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is

obligated to reimburse Plaintiff.  Plaintiff is only seeking to recover those damages not recoverable

through no-fault insurance under the facts and circumstances in this action.

103.    That by reason of the foregoing, the infant plaintiff Shanelle Weston, has been

damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise

have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF SHAKIRA M. WESTON

104.     The infant plaintiff, Shakira M. Weston, repeats, realleges, reiterates, each and every allegation contained in paragraphs 1 through 97 as if each were more fully set forth at length herein.

105.     That as a result of the aforesaid contact, the infant plaintiff, Shakira M. Weston was injured.

106.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the infant plaintiff contributing thereto.

107.     That by reason of the foregoing, the infant plaintiff, Shakira M. Weston sustained severe and permanent personal injuries; and the infant plaintiff Shakira M. Weston was otherwise damaged.

108.     That the infant plaintiff Shakira M. Weston is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

109.     That by reason of the foregoing, the infant plaintiff Shakira M. Weston, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF EVELYN C. WASHINGTON-WESTON

110.    The plaintiff, Evelyn C. Washington-Weston, repeats, realleges, reiterates, each and every allegation contained in paragraphs 1 through 97 as if each were more fully set forth at length herein.

111.    That as a result of the aforesaid contact, the plaintiff, Evelyn C. Washington-Weston was injured.

112.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the plaintiff contributing thereto.

113.    That by reason of the foregoing, the plaintiff, Evelyn C. Washington-Weston sustained severe and permanent personal injuries; and the infant plaintiff Shanelle Weston was otherwise damaged.

114.    That the plaintiff Evelyn C. Washington Weston is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

115.    That by reason of the foregoing, the plaintiff Evelyn C. Washington-Weston, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF DESHON WESTON

116.    The infant plaintiff, Deshon Weston, repeats, realleges, reiterates, each and every allegation contained in paragraphs 1 through 97 as if each were more fully set forth at length herein.

117.    That as a result of the aforesaid contact, the infant plaintiff, Deshon Weston was injured.

118.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the infant plaintiff contributing thereto.

119.    That by reason of the foregoing, the infant plaintiff, Deshon Weston sustained severe and permanent personal injuries; and the infant plaintiff Deshon Weston was otherwise damaged.

120.    That the infant plaintiff Deshon Weston is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

121.    That by reason of the foregoing, the infant plaintiff Deshon Weston, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A FIFTH BCAUSE OF ACTION
## ON BEHALF OF EVELYN C. WASHINGTON-WESTON

122.    Plaintiff, Evelyn C. Washington-Weston, repeats, realleges, reiterates, each and every one of the allegations contained in paragraphs 1 through 121 as if each were more fully set forth at length herein.

123.    Plaintiff, Evelyn C. Washington-Weston, is the mother and natural guardian of the infant plaintiff, Shanelle Weston.

124.    As the mother and natural guardian of the infant, Shanelle Weston, the plaintiff, Evelyn C. Washington-Weston, is entitled to the love, services, consortium of her daughter, the infant, Shanelle Weston.

125.    That as a result of the foregoing, the plaintiff, Evelyn C. Washington-Weston, has lost the love, services, consortium of her daughter, the infant, Shanelle Weston.

126.    That by reason of the foregoing, the plaintiff Evelyn C. Washington-Weston, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF EVELYN C. WASHINGTON-WESTON

127.    Plaintiff, Evelyn C. Washington-Weston, repeats, realleges, reiterates, each and every one of the allegations contained in paragraphs 1 through 121 as if each were more fully set forth at length herein.

128.    Plaintiff, Evelyn C. Washington-Weston, is the mother and natural guardian of the infant plaintiff, Shakira M. Weston.

129.    As the mother and natural guardian of the infant, Shakira M. Weston, the plaintiff, Evelyn C. Washington-Weston, is entitled to the love, services, consortium of her daughter, the infant, Shakira M. Weston.

130.    That as a result of the foregoing, the plaintiff, Evelyn C. Washington-Weston, has lost the love, services, consortium of her daughter, the infant, Shakira M. Weston.

131.    That by reason of the foregoing, the plaintiff Evelyn C. Washington-Weston, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

AS AND FOR A SEVENTH CAUSE OF ACTION
ON BEHALF OF EVELYN C. WASHINGTON-WESTON

132.    Plaintiff, Evelyn C. Washington-Weston, repeats, realleges, reiterates, each and every one of the allegations contained in paragraphs 1 through 121 as if each were more fully set forth at length herein.

133.    Plaintiff, Evelyn C. Washington-Weston, is the mother and natural guardian of the infant plaintiff, Deshon Weston.

134.    As the mother and natural guardian of the infant, Deshon Weston, the plaintiff, Evelyn C. Washington-Weston, is entitled to the love, services, consortium of her son, the infant, Deshon Weston.

135.    That as a result of the foregoing, the plaintiff, Evelyn C. Washington-Weston, has lost the love, services, consortium of her son, the infant, Deshon Weston.

136.    That by reason of the foregoing, the plaintiff Evelyn C. Washington-Weston, has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

     **WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a

sum exceeding the jurisdictional limits of all lower courts that would otherwise have jurisdiction,

together with the costs and disbursements of this action.

Dated: Baldwin, New York
February 24, 2006

Yours, etc.,

HENRY W DAVOLI
Davoli & Vesnaver, LLP
Attorneys for Plaintiff(s)
DESHON WESTON, SHAKIRA M. WESTON
SHANELLE WESTON, and EVELYN
C.WASHINGTON-WESTONM
2016 Grand Avenue
Baldwin, New York 11510
516-377-2500

Claim No.
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DESHON WESTON,
SHAKIRA M. WESTON,
SHANELLE WESTON,
infants under the age of 18, by their
mother and natural guardian
EVELYN C. WASHINGTON-WESTON,
and, EVELYN C. WASHINGTON-WESTON,
individually,

Plaintiff(s),

-against-

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE,
CLEMENT S. LESPINASSE,
CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
and WELSBACH ELECTRIC CORP.,

Defendant(s),

**Summons and Complaint**

**Davoli & Vesnaver, LLP**
***Attorneys for Plaintiff's***
**2016 Grand Avenue**
**Baldwin, New York 11510**
**516-377-2500**

TO: